IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

v.                                                    Civ No. 12cv162 JEC/RHS
                                                    Criminal No. 07-787 JEC

JACOB RAMON SILVA,

       Defendant/Petitioner.

**MAGISTRATE JUDGE'S PROPOSED
<u>FINDINGS AND RECOMMENDED DISPOSITION</u>**

This matter comes before the Court on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. On February 21, 2012, Petitioner Jacob Ramon Silva filed his *pro se* Motion attacking the judgment and sentence entered by the United States District Court for the District of New Mexico in <u>United States of America v. Jacob Ramon Silva</u>, No. CR. 07-787 JEC (Doc. 1). The United States of America ("Respondent") responded on March 22, 2012 (Doc. 5). After review of the Petitioner's arguments, documents submitted for judicial review and the relevant authorities, it is recommended that the Motion be denied and the case dismissed with prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 24, 2007, Petitioner was indicted by the Grand Jury and was charged with being a Felon in Possession of Firearms and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Cr. 07-787, Doc. 1). Petitioner was appointed counsel who provided representation in his criminal matter and subsequent appeal to the Tenth Circuit Court of Appeals (Cr. Doc. 4). Petitioner entered into a Plea Agreement on April 3, 2008 (Cr. Doc. 18). That same date,

1

Petitioner appeared before the Federal Magistrate Judge to enter his guilty plea (Cr. Doc. 19). The United States Probation Office ("Probation") disclosed the Presentence Investigation Report ("PSR") to the Court and Petitioner on May 28, 2008 (PSR at 2). The PSR determined that Petitioner should be sentenced under the provisions of the Armed Career Criminal Act ("ACCA") pursuant to 18 U.S.C. 924(e)(1) (PSR at 11). The PSR designated Petitioner as an armed career criminal pursuant to United States Sentencing Guideline (U.S.S.G.) § 4B1.4 (PSR at 10). According to Section 924(e)(1),

> "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another such person shall be . . . imprisoned not less than 15 years under this title"

18 U.S.C. § 924 (e)(1). The PSR identified three prior convictions for crimes of violence that were predicate offenses which qualified Petitioner as an armed career criminal: (1) June 25, 1998 conviction for Robbery, (2) December 29, 1999 conviction for Commercial Burglary, and (3) November 9, 2006 conviction for Aggravated Assault, Possession of Firearm or Destructive Device by a Felon and Possession of a Controlled Substance (PSR at 11).

Petitioner filed objections to the PSR claiming that Probation incorrectly determined Petitioner should be sentenced under the provisions of the ACCA (Cr. Docs. 25, 26). The District Court considered Petitioner's Objections and found that Probation's analysis and response to each objection to be "accurate" (Sentencing Hearing Transcript dated September 17, 2008, Cr. Doc. 50 at 8-10). The District Court stated that it was "in agreement with the analysis" performed by Probation (Cr. Doc. 50 at 8-101). The Court specifically found that the provisions of the ACCA do apply and that the "defendant's prior convictions under New Mexico statutes

for aggravated assault and burglary are both proper predicate offenses for application of the Armed Career Criminal Act" (Sentencing Hearing Transcript dated February 11, 2009, Cr. Doc. 52 at 14). The District Court sentenced Petitioner to 180 months incarceration in accordance with the applicable sentencing guidelines and the mandatory minimum sentence required by the ACCA (Cr. Doc. 52).

On February 18, 2009 Petitioner filed his Notice of Appeal in the Tenth Circuit Court of Appeals (Cr. Doc.44). "Petitioner appealed whether his prior state convictions for burglary and aggravated assault qualified as 'violent felonies' for application of the Armed Career Criminal Act" (Cr. Doc. 44). The Tenth Circuit affirmed the sentence imposed by the District Court on June 16, 2010 (Cr. Doc. 55 at 2). On October 21, 2010, Petitioner filed his Petition for Writ of Certiorari with the Supreme Court of the United States, which was denied. Silva v. United States, 131 S. Ct. 1473 (Feb. 22, 2011).

Petitioner filed the instant Motion, on February 21, 2012, seeking to vacate, set aside or correct his sentence claiming that he was denied effective assistance of counsel(Doc. 1).

**LEGAL STANDARD**

A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. Petitioner must demonstrate that a defect in the proceedings resulted in "a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

The crux of Petitioner's § 2255 motion is that he was denied effective assistance of

counsel, first, when he entered his guilty plea in the underlying criminal proceeding and, again, on direct appeal to the Tenth Circuit Court of Appeals (Doc. 1). He asserts that he was improperly sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, and therefore his sentence should be set aside (Doc. 1). To succeed on a claim of ineffective assistance of counsel, Petitioner must show: (1) that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms. . ." and (2) that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance. Sandoval v. Ulibarri, 548 F.3d 902, 909 (10th Cir. 2008) (*citing* Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). In order to satisfy the first Strickland prong, Petitioner must identify "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690. Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness. The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the . . . range of professionally competent assistance." Id. There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. Strickland, 466 U.S. at 688. "Conclusory allegations are insufficient to support an ineffective assistance of counsel claim." United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).

    Finding prejudice under the second Strickland prong requires that the Petitioner demonstrate that his attorney's alleged deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. In the context of asserting ineffective assistance of counsel for a plea agreement, Petitioner is required to show that "counsel's deficient performance affected the

outcome of the plea process and there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (*citing* Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002)).

In applying the two-part Strickland test, a court may address the performance and prejudice components in any order. Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) (*citing* Strickland, 466 U.S. at 697); Boltz v. Mullin, 415 F.3d 1215, 1222 (10th Cir. 2005). The Court need not address both components if the petitioner fails to make sufficient showing of either. Id.

## ANALYSIS

### I.
### Petitioner Cannot Attack His Prior Conviction

Petitioner argues that his counsel in the underlying federal criminal proceeding was constitutionally ineffective because counsel failed to attack his prior state court burglary conviction on the grounds that his state court guilty plea was unknowing and involuntary (Doc. 1). He further argues that the state court plea agreement failed to describe the offense that Petitioner pled guilty to (Doc. 2 at 9) and that during the state court plea colloquy the factual basis for the plea was not described (Doc. 2 at 10). Petitioner moves the Court to vacate his sentence and re-sentence Petitioner without applying the provisions of the ACCA (Doc. 1 at 10). Respondent argues that Petitioner "may not attack a facially valid prior conviction on collateral review" (Doc. 5 at 4).

The United States Supreme Court previously addressed Petitioner's argument in United States v. Daniels, 532 U.S. 374, 121 S. Ct. 1578 (2001). The Supreme Court set forth the

general rule that the "presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255." Daniels, 532 U.S. at 382. Furthermore, this presumption of validity applies to 28 U.S.C. § 2254 proceedings. See United States v. Delacruz-Soto, 414 F.3d 1158, 1165 (10th Cir. 2005) (extending the *Daniels* rule to § 2254). The only exception to the general rule exists where the prior conviction was obtained in violation of the right to counsel. Daniels, 532 U.S. at 1583; Delacruz-Soto, 414 F.3d at 1165. Here, Petitioner does not argue that his sixth amendment right to representation was violated when he pled guilty in the state court burglary proceeding. Petitioner does not allege that he was not represented by an attorney in the state court criminal proceeding. He also does not allege that his attorney in the state court proceeding was ineffective. In accordance with Daniels, the Court may presume that the prior state court conviction is valid and may conclude that there was no legal basis to attack the conviction.

## II.
## Petitioner's State Court Plea Was Knowing and Voluntary

Petitioner asserts that the state court plea was unconstitutional because it was "not knowing and voluntary" and that he entered his guilty plea without the factual basis being confirmed by the state court" (Docs. 9, 10). Respondent argues that Petitioner (1) "waived a factual basis for his written plea agreement," in state court and (2) the state court sentencing colloquy demonstrates that Petitioner entered into the plea knowingly and voluntarily (Doc. 5 at 4).

The Repeat Offender Plea and Disposition Agreement ("state plea agreement") (Doc. 5-2) in the state court burglary proceeding reflects that Petitioner was represented by an attorney

6

(Doc. 5-2 at 6). Petitioner testified at the state court plea and sentencing hearing and stated that he was entering into the guilty plea knowingly, willingly and intelligently after discussing it with his attorney (Doc. 5-3 at 11). His attorney waived a reading of factual basis at the state court plea and sentencing hearing (Doc. 5-3 at 13). Petitioner also testified that no one "forced or threatened" him to enter into the guilty plea (Doc. 5-3 at 11). The state court elicited Petitioner's testimony to ascertain whether Petitioner was satisfied with his attorney's representation in the state criminal proceeding (Doc. 5-3 at 13). Petitioner testified that he was satisfied with the representation (Doc. 5-3 at 13). The state court asked Petitioner if he had any questions to which Petitioner responded that he did not. Id. Finally, the state court confirmed that Petitioner understood the terms and provisions of the plea agreement before accepting Petitioner's guilty plea and pronouncing the sentence (Doc. 5-3 at 14-16). Petitioner has not set forth any legitimate basis for attacking the state court burglary plea. The Court therefore concludes that Petitioner's state court plea was knowing and voluntary.

### III.
### Petitioner Fails to Demonstrate Ineffective Assistance of Counsel

Petitioner asserts that his federal defense counsel failed to attack his prior conviction and therefore his representation was ineffective. Petitioner fails to demonstrate that his counsel was deficient in his performance thus affecting the outcome of the federal plea process. Furthermore, Petitioner does not demonstrate that there is any reasonable probability that Petitioner would not have pled guilty or that he would have insisted on going to trial if his counsel had been effective. As discussed above, Petitioner's claim that the state court plea agreement was not knowing or voluntary would have been unsuccessful if raised because the state court colloquy confirmed that Petitioner was represented to his satisfaction and that he completely understood the terms

and conditions of the state plea agreement (Doc. 5-3). With respect to the federal plea agreement, the record reflects that if Petitioner had proceeded to trial and been found guilty, he faced a guideline imprisonment range of 262 to 327 months resulting from an offense leve1 of 34 combined with a criminal history category of VI (PSR 46). Petitioner's federal plea agreement resulted in a reduction of his offense level to 30, and the criminal history category remained the same. In light of this reduced offense level, the guideline imprisonment range is 180 to 210 months. U.S.S.G. § 5G1.1. The District Court sentenced Petitioner to only 180 months, a significant reduction from the potential sentence Petitioner faced because of the downward adjustment he received for acceptance of responsibility (PSR 46).

Petitioner also fails to introduce any evidence that defense counsel's alleged failure to attack the prior state conviction prejudiced Petitioner's federal defense. The record reflects that Petitioner's attorney filed timely objections and zealously argued during sentencing that Petitioner's prior burglary conviction should not be considered a predicate offense qualifying Petitioner as an armed career criminal (Cr. Docs. 25, 26). While the District Court was not persuaded by Petitioner's legal argument, the Court continued Petitioner's sentencing hearing several times to allow Petitioner to decide if he wanted to proceed with sentencing or withdraw his plea (Cr. Docs. 50, 51). When Petitioner was finally sentenced, his attorney informed the Court that Petitioner's state habeas proceeding had been denied (Cr. Doc. 52 at 12). Thereafter, Petitioner's counsel appealed to the Tenth Circuit seeking to reverse the District Court's decision that Petitioner was an armed career criminal. As stated previously, the Tenth Circuit affirmed the decision of the District Court and denied Petitioner's appeal (Cr. Doc. 55).

For these reasons, the Court concludes that Petitioner's claim of ineffective assistance of

counsel should be denied.

## REQUEST FOR EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing to "further establish the allegations set forth herein" (Doc. 2 at 6). He contends that had defense counsel challenged his prior state court plea "as being unconstitutional," Petitioner probably would not have been sentenced pursuant to the ACCA (Doc. 2 at 10). "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." U.S. v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004). "The purpose of an evidentiary hearing is to resolve conflicting evidence." Hooks v. Workman, 606 F.3d 715, 731 (10th Cir. 2010) (citing Anderson v. Attorney General of Kansas, 425 F.3d 853, 860 (10th Cir. 2005)). Petitioner has not demonstrated that any conflicting evidence exists. Petitioner's argument appears to be purely legal in nature given his repeated assertion that his state court plea was unconstitutional (Doc. 2 at 10). In light of the record and relevant authorities, an evidentiary hearing is not required nor would a hearing materially assist in recommending a disposition.

## RECOMMENDED DISPOSITION

The Court concludes that Petitioner is not entitled to any relief with respect to the claims raised in his § 2255 motion. Therefore, the Court recommends that Petitioner's motion (Doc. 1) be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to

*Robert Hayes Scott*

have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE